UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                        **DECISION AND ORDER**
                                                  21-CR-165-RJA

ANTHONY WATKINS

                           Defendant.

---

Defendant Anthony Watkins has filed a *pro se* motion (Dkt. No. 67) for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  The Government filed a response in opposition (Dkt. No. 69).  For the following reasons, Defendant's motion for a sentence reduction under the compassionate release statute is DENIED.

## **BACKGROUND**

Defendant was originally sentenced in 14-CR-120 on October 8, 2015, to 84 months' incarceration, after his guilty plea to violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition).  The Court ordered that the 84-month sentence imposed was to be served consecutively to the 12 months imposed in 8-CR-186, for violating a condition of his supervised release ("You shall not commit another federal, state or local crime."),[1] for an aggregate term of 96 months.

---

[1] On February 23, 2011, Defendant was sentenced to 60 months' imprisonment for violating 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime), in 8-CR-186.  Defendant began his 3-year term of supervised release on March 19, 2013, and the search of Defendant's residence that prompted the violation petition and the filing of a criminal complaint in 14-CR-120 occurred on May 14, 2014.

On March 5, 2021, Defendant began serving his 3-year term of supervised release in 14-CR-120. On September 27, 2021, U.S. Probation Officers and law enforcement officers conducted a search of Defendant's residence and recovered approximately 148 grams of a substance containing cocaine base, 112 grams of a substance containing both cocaine and methamphetamine, a digital scale, and drug paraphernalia. The controlled substances were packaged in a manner consistent with distribution, rather than personal use, and Defendant admitted that he possessed these controlled substances with the intent to distribute them.

On July 21, 2022, Defendant entered a guilty plea to Count 1 of the instant five-count Indictment, charging possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and Charge Number 1 of the Petition for Offender Under Supervision in 14-CR-120, in violation of the condition of his supervised release that ordered Defendant "shall not commit another federal, state or local crime." With respect to 21-CR-165, Defendant was facing a maximum of 20 years, and with a Criminal History Category IV and a total offense level 27, his Guidelines range for imprisonment was 100 to 125 months. As part of the plea agreement, the Government agreed not to oppose the Court's consideration of the powder-to-crack cocaine disparity under 18 U.S.C. § 3553(a); if the Court treated the cocaine base as cocaine, there would be a downward variance the equivalent of four levels, to a total offense level 23 and a range of imprisonment of 70 to 87 months. As to 14-CR-120, Defendant was facing a Guidelines range (also the maximum) term of imprisonment of 24 months, and the parties agreed that the Government would recommend any sentence imposed in 14-CR-120 be run concurrent to any

sentence imposed in 21-CR-165.  The Court scheduled sentencing in both 21-CR-165 and 14-CR-120 for November 28, 2022.

Prior to Defendant's entry of his pleas of guilty in 21-CR-165 and 14-CR-120, the Court granted Defendant's motion (Dkt. No. 34) for temporary release pending sentencing, with strict conditions, so Defendant could spend time with his terminally ill father.[2]  In granting the motion, however, the Court ordered that Defendant was to self-surrender on the November 28, 2022, sentencing date, regardless of any subsequent sentencing adjournments (*see* Dkt. Nos. 42, 43).

Sentencing was ultimately adjourned, and on April 4, 2023, the Court sentenced Defendant to an aggregate term of 94 months in custody, *i.e.*, 70 months in 21-CR-165, to run consecutive to 24 months in 14-CR-120.  The Court further imposed a 3-year term of supervised release in 21-CR-165, and revoked Defendant's outstanding term of supervised release in 14-CR-120, with no further supervised release imposed.

In imposing sentence, the Court noted it had sentenced Defendant at the low-end of 70 to 87 months, after granting the equivalent of the four-level downward variance as recommended by the Department of Justice.  The Court commented that the instant offense constituted Defendant's third federal conviction, and fifth felony conviction.  Moreover, the Court stated that incarceration previously imposed, regardless of the term, had ineffectively deterred Defendant's criminal behavior.  It stated: "the sentence is based upon a need to protect the community from further

---

[2] Attached to the motion was a letter from Defendant's father's treating physician, confirming the terminal diagnosis.

crimes, and to sufficiently admonish you for your pattern of antisocial behavior…and consistent breach of trust for committing all offenses while you're on supervised release." Dkt. No. 63 (Sentencing Tr.), p. 27.

Defendant is currently housed at FCI Loretto, with a projected release date of February 27, 2028.[3] Defendant seeks a sentence reduction to time served, and a term of supervised release "with any and all conditions the Court deems necessary."

## DISCUSSION

Preliminarily, Defendant attaches to his motion a written request to the Warden at FCI Loretto for compassionate release, dated February 27, 2024. Dkt. No. 67, p. 16. Defendant represents that as of May 1, 2024, he had not received any response to this administrative request for compassionate release.[4] As the Second Circuit has held, "[n]ot a jurisdictional limitation, § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule[] and accordingly may be waived or forfeited by the government." *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (internal quotation marks and citation omitted). In its response papers dated September 20, 2024, the Government does not dispute that Defendant has satisfied the administrative exhaustion requirement. Thus, the Court will assess Defendant's motion on the merits.

---

[3] *See Inmate Locator*, Register Number: 17206-055, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jan. 7, 2025).

[4] Defendant's motion was not filed on the Docket until September 5, 2024. In a cover letter to the motion (Dkt. No. 67, p. 24), Defendant asserts that he originally forwarded his motion papers to the Court in May 2024, and he surmises they were "lost in the mail." The Court presumes Defendant's continued assertion that the Warden had not responded to his request, even as of September 5, 2024.

4

Under the compassionate release statute, a district court may "reduce the term of imprisonment" and may "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" 18 U.S.C. § 3582(c)(1)(A). A district court is permitted to reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, it finds that extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i) (alterations omitted). It is a defendant's burden to show that he or she is entitled to a sentence reduction under the compassionate release statute. See *United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (per curiam). "A district court has broad discretion when considering a motion for compassionate release." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam).

I.  **Extraordinary and Compelling Circumstances**

Defendant relies upon a policy statement added to the federal Sentencing Guidelines on November 1, 2023, providing that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" can be an extraordinary and compelling reason for compassionate release. U.S. Sentencing Guidelines, § 1B1.13(b)(3)(C). Defendant argues that since he was sentenced, his father's medical condition has continued to deteriorate due to both his years-long terminal condition and the effects of aging, and his father is no longer able to care for himself.

5

The Court finds that Defendant has not met his burden of demonstrating that (a) his father is incapacitated, and (b) Defendant is the only available caregiver for his father. *See*, *e.g.*, *United States v. Romano*, 707 F. Supp. 3d 233, 237-38 (E.D.N.Y. Dec. 19, 2023).

The Court is well-aware of Defendant's father's unfortunate, terminal medical condition, and it was aware of this family circumstance at the time of Defendant's sentencing. Indeed, it permitted Defendant's temporary release for approximately three months before his sentencing so that he could spend time with his father. While Defendant's release motion noted that Defendant would assist in his father's care should he be temporarily released, the motion was not predicated on Defendant's father requiring care that only Defendant could provide. Rather, Defendant argued the following: "[g]iven the nature of his father's diagnosis, coupled with the sentence [Defendant] is facing, the time between the plea and sentencing will likely be the only time [Defendant] will have to spend with his father while he is still alive. This constitutes an exceptional circumstance that warrants [Defendant's] release." Dkt. No. 34, ¶¶ 12-13; *see* Dkt. No. 38, pp. 3-4. At sentencing, defense counsel commented that Defendant's several months of release afforded him "time with his sick father." Dkt. No. 63 (Sentencing Tr.), p. 11. The record does not bear out Defendant's current assertion that he was the only viable and available caretaker for his father at the time the Court released Defendant pending sentencing.

Moreover, even if Defendant provided his father's updated medical records to the Court,[5] and even if those records substantiated his claim that his father is incapable of self-care, Defendant has still failed to establish that he is the only available caretaker for his father. Defendant states that his wife, who resides 45 minutes away from his father, no longer has "the time necessary to devote to his care." The Court cannot conclude, from this statement alone and without any supporting documentation, that Defendant is the only person who can provide his father with the daily care he needs. *See United States v. Johnson*, 10 CR 431 (CM), 2024 U.S. Dist. LEXIS 122903, *8 (S.D.N.Y. July 10, 2024) (finding defendant's "conclusory statement that there is nobody else that can care for [defendant's terminally ill mother] is woefully inadequate," and a doctor's letter stating defendant's sister was finding it "challenging" to care for her simply "raised a question about [the sister's] ability to continue is her role as her mother's caretaker"); *United States v. Donato*, 95-CR-223 (JMA)(AYS), 2024 U.S. Dist. LEXIS 64025, *20 (E.D.N.Y. Apr. 8, 2024) ("[Defendant] contends in a conclusory fashion that it is difficult for his brother to care for their mother considering his brother's work schedule…But [Defendant] provides no supporting evidence to show there is no other family member or caretaker who could provide the necessary care. Accordingly, this Court cannot conclude [Defendant]'s family circumstances are a[n] 'extraordinary and compelling' reason to justify his early release.").

---

[5] Defendant comments in a footnote that he can provide these records to the Court "[i]f necessary." Dkt. No. 67, p. 11 n.8.

7

The Court finds that Defendant's family circumstances do not constitute an "extraordinary and compelling" circumstance. The only other circumstance Defendant highlights in his motion is his assertion that he has rehabilitated himself, and "'[r]ehabilitation…*alone* shall not be considered an extraordinary and compelling reason.'" *United States v. Brooker*, 976 F.3d 228, 237-38 (emphasis in original), quoting 28 U.S.C. § 994(t). Thus, Defendant has not presented to this Court an extraordinary and compelling circumstance, or set of circumstances, to justify a reduction in sentence.

## II.  18 U.S.C. § 3553(a) Factors

Even if Defendant's father's medical needs were to present an extraordinary and compelling reason for Defendant's release, the Court finds that the sentencing factors in 18 U.S.C. § 3553(a) favor adhering to the sentence imposed by the Court. "Where the 18 U.S.C. § 3553(a) sentencing factors do not support modification of the sentence, a district court may not grant a compassionate release motion." *United States v. Davis*, 22-3061-cr, 2024 U.S. App. LEXIS 2207, *4 (2d Cir. Feb. 1, 2024) (summary order).

In July 2020, when Defendant was serving his aggregate, 96-month term of incarceration in 8-CR-186 and 14-CR-120, he filed a motion for compassionate release with this Court, based on the COVID-19 pandemic. The Court denied the motion in a text order dated December 4, 2020 (8-CR-186, Dkt. No. 1369), stating, in part:

> [T]he § 3553(a) factors do not weigh in favor of release, and Defendant presents a danger to others and the community…Aside from the subject conviction, Defendant has, among other convictions, several prior felony convictions (attempted murder, criminal possession of a loaded firearm, and possession of a firearm in furtherance of a drug trafficking offense…)…He has also repeatedly demonstrated poor adjustment to conditions of release or supervision…Based on this criminal history and history of noncompliance with conditions of release, early release is not justified.

In some respects, the § 3553(a) factors counsel even more now against granting Defendant's motion than they did approximately four years ago.  About six months after Defendant's supervised release commenced in 14-CR-120, controlled substances and drug paraphernalia were recovered in a search of Defendant's residence.  Defendant was convicted of committing a federal crime while on supervised release and violating his conditions of release.

Defendant's projected release date is February 27, 2028, approximately 37 ½ months from now.  The Court stands by its remarks made at Defendant's sentencing, today.  Considering the remainder of the sentence Defendant has left to serve, the seriousness of Defendant's offense conduct, the need to protect the public from further crimes of Defendant, and Defendant's lengthy and concerning criminal history—particularly for an individual who is only 41 years old—which includes his repeated commission of offenses while on supervision, the Court concludes that early release would be incompatible with the § 3553(a) factors.  Even when accounting for Defendant's rehabilitation efforts while in the Federal Bureau of Prisons, and Defendant's apparent determination to better himself in preparation for his eventual release from incarceration, the Court reaches the same conclusion.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release (Dkt. No. 67) under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**IT IS SO ORDERED.**

                                           _s/Richard J. Arcara_
                                       HONORABLE RICHARD J. ARCARA
                                       UNITED STATES DISTRICT COURT

Dated:  January 7, 2025
        Buffalo, New York